Michael Faillace [MF-8436]
Michael Faillace Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
CARMEN MARIBEL RIVERA, *individually and on behalf of others similarly situated,*

                        *Plaintiff,*

                 -against-

JM FAMILY CHILD DAY CARE LLC(d/b/a JM FAMILY CARE), and JOSE MARTE,

                        *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Carmen Maribel Rivera ("Plaintiff Rivera " or "Ms. Rivera "), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace Esq., upon information and belief, and as against each of defendants JM Family Child Day Care LLC(d/b/a JM Family Care ) ("Defendant Corporation") and Jose Marte("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Rivera is a former employee of Defendants JM Family Child Day Care LLC (d/b/a JM Family Care), and Jose Marte.

2. JM Family Care is a child day care center owned by Jose Marte, located at 1326 Grand Concourse, Bronx, NY, 10456.

3. Upon information and belief, Defendant Jose Marte serves or served as owner, manager, principal or agent of the Defendant Corporation and through this corporate entity operates the child day care center.

4. Plaintiff Rivera is a former employee of Defendants.

5. Plaintiff Rivera was employed as a day care worker.

6. At all times relevant to this Complaint, Plaintiff Rivera worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that she worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Rivera the applicable minimum wage, and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Rivera the required "spread of hours" pay for any day in which Plaintiff Rivera had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Rivera to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Rivera now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12 §§ 142-1.6(herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Rivera seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Rivera's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Rivera was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Rivera is an adult individual residing in Bronx County, New York.

16. Plaintiff Rivera was employed by Defendants from approximately 2018 until on or about December 9, 2024.

3

17. Plaintiff Rivera consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants own, operate, and/or control a Child day care center located at 1326 Grand Concourse, Bronx, NY, 10456 under the name "JM Family Care."

19. Upon information and belief, JM Family Child Day Care LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1326 Grand Concourse, Bronx, NY, 10456.

20. Defendant Jose Marte is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Jose Marte is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Jose Marte possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Jose Marte determined the wages and compensation of the employees of Defendants, including Plaintiff Rivera, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a child day care center located at the Morrisania section of the Bronx in New York City.

22. Individual Defendant Jose Marte possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Rivera's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rivera, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Rivera, and all similarly situated individuals, and are Plaintiff Rivera's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Rivera and/or similarly situated individuals.

27. Upon information and belief, individual defendant JOSE MARTE operates the Defendant Corporation as either an alter ego of himself, and/or fails to operate the Defendant Corporation as a legal entity separate and apart from himself by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

5

  (b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

  (c) transferring assets and debts freely as between all Defendants;

  (d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

  (e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

  (f) intermingling assets and debts of his own with Defendant Corporation;

  (g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

  (h) other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

29. Defendants had the power to hire and fire Plaintiff Rivera, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Rivera's services.

30. In each year from 2019 to 2024, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used by the

child day care center on a daily basis, such as detergents, were produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Rivera is a former employee of Defendants, employed in performing the duties of a day care worker.

33. Plaintiff Rivera seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Carmen Maribel Rivera*

35. Plaintiff Rivera was employed by Defendants from approximately 2018 until on or about December 9, 2024.

36. At all relevant times, Plaintiff Rivera was employed by Defendants as a day care worker.

37. Plaintiff Rivera regularly handled goods in interstate commerce, such as diapers produced outside of the State of New York.

38. Plaintiff Rivera's work duties required neither discretion nor independent judgment.

39. Throughout her employment with Defendants, Plaintiff Rivera regularly worked in excess of 40 hours per week.

40. From approximately March 2019 until on or about June 2023, Plaintiff Rivera worked from approximately 6:30 a.m. until on or about 5:00 p.m. Mondays through Fridays (typically 52.5 hours per week).

41. From approximately June 2023 until on or about December 9, 2024, Plaintiff Rivera worked from approximately 6:30 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 47.5 hours per week).

42. Throughout her employment with defendants, Plaintiff Rivera was paid her wages by personal check.

43. From approximately March 2019 until on or about November 2022, defendants paid Plaintiff Rivera a fixed salary of $350 per week.

44. From approximately November 2022 until on or about November 2023, defendants paid Plaintiff Rivera a fixed salary of $400 per week.

45. From approximately November 2023 until on or about December 9 2024, defendants paid Plaintiff Rivera a fixed salary of $500 per week.

46. Although Defendants granted Plaintiff Rivera 10-minute meal breaks, she was constantly required to interrupt her breaks to take care of children who woke up from their naps.

47. Defendants did not provide Plaintiff Rivera with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

48. Plaintiff Rivera was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked.

49. Defendants never provided Plaintiff Rivera with each payment of wages a statement of wages, as required by NYLL 195(3).

50. Defendants never provided Plaintiff Rivera with a written notice, in English and in Spanish (Plaintiff Rivera's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rivera regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

52. Defendants regularly required Plaintiff Rivera to work in excess of forty (40) hours per week without paying her the proper minimum wage, overtime compensation and spread of hours pay .

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera  (and all similarly situated employees) to work in excess of forty (40) hours per week without paying her appropriate minimum wage, overtime compensation and/or spread of hours pay, as required by federal and state laws.

54. Plaintiff Rivera was paid her wages entirely by personal check.

55. defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

56. By employing these practices, Defendants avoided paying Plaintiff Rivera the minimum wage for her regular hours and overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

57. Defendants failed to post required wage and hour posters in the child day care center, and did not provide Plaintiff Rivera with statutorily required wage and hour records or

statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Rivera's relative lack of sophistication in wage and hour laws.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rivera (and similarly situated individuals) worked, and to avoid paying Plaintiff Rivera properly for (1) her full hours worked and (2) for overtime due.

59. Defendants failed to provide Plaintiff Rivera and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants failed to provide Plaintiff Rivera and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Rivera brings her FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

62.     At all relevant times, Plaintiff Rivera and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

63.     The claims of Plaintiff Rivera stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

64.     Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Rivera's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Rivera (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Rivera (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Rivera (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Rivera (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

71. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Rivera's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Rivera

(and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Rivera (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

76. Defendants' failure to pay Plaintiff Rivera (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Rivera (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

83. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff Rivera's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Rivera (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

85. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rivera (and the FLSA Class members) less than the minimum wage.

86. Defendants' failure to pay Plaintiff Rivera (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Rivera (and the FLSA Class Members) were damaged in an amount to be determined at trial.

<div align="center">

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

</div>

88. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rivera (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

90. Defendants' failure to pay Plaintiff Rivera (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff Rivera (and the FLSA Class Members) were damaged in an amount to be determined at trial.

<div align="center">

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

</div>

92. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to pay Plaintiff Rivera one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Tamay's spread of hours exceeded ten hours in violation of New York Labor Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12, § 142-1.6.

94. Defendants' failure to pay Plaintiff Rivera an additional hour's pay for each day Plaintiff Rivera's spread of hours exceeded ten hours was willful within the meaning of New York Lab Law § 663.

95. Plaintiff Rivera was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

92. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to provide Plaintiff Rivera with a written notice, in English and in Spanish (Plaintiff Rivera's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94. Defendants are liable to Plaintiff Rivera in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

95. Plaintiff Rivera repeats and realleges all paragraphs above as though set forth

15

fully herein.

96. Defendants did not provide Plaintiff Rivera with a statement of wages with each payment of wages, as required by NYLL 195(3).

97. Defendants are liable to Plaintiff Rivera in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rivera respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivera and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivera and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rivera's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against

wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Rivera and the FLSA class members;

(f) Awarding Plaintiff Rivera and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Rivera and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivera and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivera and the members of the FLSA Class;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Rivera and the members of the FLSA Class;

(k) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Rivera's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Rivera and the FLSA Class members;

(m)     Awarding Plaintiff Rivera and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as spread of hours pay under the NYLL;

(n)     Awarding Plaintiff Rivera damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Rivera and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)     Awarding Plaintiff Rivera and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Rivera and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.


Dated: New York, NY
March 7, 2025

                              MICHAEL FAILLACE Esq.

                               /s/ Michael Faillace_____

By: Michael A. Faillace [MF-8436]
   60 East 42nd Street, Suite 4510
   New York, New York 10165
   (212) 317-1200
   *Attorneys for Plaintiff*