USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
 :
CARMEN MARIBEL RIVERA, *individually and on* :
*behalf of others similarly situated*, :
 :
                              Plaintiff, :
 :
                  -v- :
 :
JM FAMILY CHILD DAY CARE LLC, *doing* :
*business as* JM FAMILY CARE, *and* JOSE MARTE, :
 :
                             Defendants. :
 :
------------------------------------------------------------------- X

1:25-cv-1930-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

       Plaintiff filed a complaint in this case on March 7, 2025. Dkt. No. 1. Defendants are JM Family Child Day Care LLC ("JM Family Care") and Jose Marte (collectively "Defendants"). *Id.* The complaint asserts that Mr. Marte owns JM Family Care. *Id.* ¶ 2. On May 14, 2025, Mr. Marte filed a letter requesting an extension of time "to respond to the following lawsuit against me." Dkt. No. 11. He also stated that he required time to "find [an] attorney to represent my business." *Id.* The Court understands Mr. Marte's letter to be a request for an extension of time for each Defendant to answer or otherwise respond to the complaint.

       Mr. Marte's request is granted in part and denied in part. Mr. Marte's request—on his own behalf—for an extension of time to answer or otherwise respond to the complaint is granted. The deadline for Mr. Marte to answer or otherwise respond to the complaint is extended to June 20, 2025, which is over thirty days after his initial request.

       However, "a limited liability company [] may appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Mr. Marte may not, therefore, request an extension of time on behalf on his business, JM Family Care. Accordingly, Mr. Marte's request that the Court grant JM Family Care an extension of time to answer or otherwise respond to

the complaint is denied without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to each Defendant.

SO ORDERED.

Dated: June 13, 2025
New York, New York

                                            GREGORY H. WOODS
                                          United States District Judge